UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY MURRAY HOLTZ,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. C17-788 BHS

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FUTHER PROCEEDINGS

Gregory M. Holtz appeals the ALJ's decision finding him not disabled. Dkt. 3. He contends the ALJ erroneously rejected the opinions of Leslie Carter, Ph.D., and Sylvia Thorpe, Ph.D., and that the Court should remand the case for an award of benefits, or alternatively for further proceedings. Dkt. 9 at 2, 4, 11. For the reasons below, the Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**I. HISTORY AND ALJ'S DECISION**

Mr. Holtz applied for benefits in 2013 alleging disability beginning August 2007. Tr. 20. The ALJ found the relevant period in this case begins on December 28, 2012, *id.*,

ORDER - 1

a finding the parties do not contest. After conducting a hearing, the ALJ issued a decision in which he made the following sequential disability determination findings:

>**Step one:**  Mr. Holtz has not engaged in substantial gainful activity since August 1, 2007.
>
>**Step two:**  Anxiety disorder, depressive disorder, history of attention deficit/hyperactivity disorder (ADHD), and artistic spectrum disorder are severe impairments.
>
>**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[1]
>
>**Residual Functional Capacity:**  Mr. Holtz can perform the full range of work at all exertional levels with the following nonexertional limitations: he can attend to and concentrate on simple routine tasks in two hour increments; he can have incidental contact with the public, is capable of working in proximity to, but not in coordination with, co-workers, and can have occasional contact with supervisor; he will be off task at work 9% of the time but can still meet minimum production requirements..
>
>**Step four:**  Mr. Holtz cannot perform past relevant work.
>
>**Step five:**  Mr. Holtz can perform other jobs in the national economy and is not disabled.

AR 22-31. The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. AR 1.

## II.  DISCUSSION

**A.  The ALJ's Evaluation of the Opinions of Leslie Carter, Ph.D**.

Mr. Young contends the ALJ erroneously rejected Dr. Carter's opinions about the severity of his limitations. Dkt. 9 at 4. Dr. Carter evaluated Mr. Holtz in July 2013. Tr.

---

[1] 20 C.F.R. Part 404, Subpart P. Appendix 1.

445-55. The doctor performed a clinical examination, reviewed medical documentation that Mr. Holtz's parents provided, interviewed Mr. Holtz's parents, and administered the following tests: the RAADS-R, the Millon Clinical Mutiaxial Inventory-III (MCMI-III), and the Adaptive Behavior Assessment (ABAS-II). *Id.* Dr. Carter diagnosed Mr. Holtz with Autistic Spectrum Disorder, Attention Deficit Disorder, Tourette's Syndrome, Anxiety Disorder, NOS, generalized and social components. Tr. 453.

Dr. Carter opined Mr. Holtz met the requirements of Listing 12.10 for autistic disorder and other pervasive developmental disorders noting he has been symptomatic since age 8; he has qualitative deficits in reciprocal social interactions and had difficulty relating to people; he is confused by multiple social interactions and has difficulty making the right choice; he has difficulty reading non-verbal communication in other people; he has developed high levels of social anxiety resulting in repetitive behaviors when anxious; he has marked restriction in his activities due to focused interests and difficulty tearing himself away from those interests when it is time to do other things; he is disorganized and has difficulty planning and concentrating; and he is markedly restricted in activities of daily living compared to others his age. Tr. 453.

The ALJ gave "little weight" to Dr. Carter's opinions. Tr. 28. The ALJ found the doctor's "suggestion the claimant meets the listing requirements . . . are inconsistent with the claimant's work history, his activities, the normal psychiatric observations, and his performance on mental status examinations." Tr. 28-29. The ALJ found the opinions do "not address the claimant's abilities to hold jobs for years at a time," and rely too heavily

upon the "claimant's subjective statements." Tr. 29. The ALJ discounted the tests Dr. Carter administered as "based upon Mr. Holtz's statements." *Id.* And finally, the ALJ found Dr. Carter lacked a complete understanding of "the claimant's improvement with medications," and therefore lacked a complete understanding of Mr. Holtz's mental health situation. *Id.*

The Commissioner defends the ALJ's determination, first arguing Dr. Carter's opinions were contradicted by the opinions of non-examining doctors Bill Hennings, Ph.D., and James Buskirk, Ph.D. Dkt. 10 at 4-5. However, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician such as Dr. Carter. *Pitzer v. Sullivan*, 908 F.2d 502, 506, n. 4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984). Moreover, the ALJ did not state he was rejecting Dr. Carter's opinions as inconsistent with Drs. Hennings and Buskirk's opinions. The Commissioner's argument is thus an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).

The Commissioner suggests other source opinions support the ALJ's decision to discount Dr. Carter's opinions. But the ALJ did not identify a medical source opinion that he found contradicted Dr. Carter's opinion, and hence the Court rejects the

Commissioner's suggestion. The Court notes the ALJ indicated Mr. Carter's performance on other mental status examinations contradict Dr. Carter's opinions. But this fails to address most of the limitations assessed by Dr. Carter involving social functioning rather than cognitive functioning. The mini mental status exam tests mental control, a fund of other information, and the ability to think abstractly, but does not address social functioning. *Bonanno v. Astrue*, No. 11-227, 2012 WL 5986557 at * 5 (E.D. Wash. Nov. 28, 2012).

Second, the Commissioner, citing to *Gregory v. Bowen*, 844 F.2d 664, 666-667 (9th Cir. 1998), argues the ALJ properly rejected Dr. Carter's opinions on the grounds that Mr. Hotlz has suffered from his mental disorders since childhood but held jobs for years at a time. Dkt. 10 at 5. In *Gregory*, the claimant had a back problem that did not prevent her from working and was stable. *Id.* In other words, the ALJ in that case properly found since the back problem had not worsened, it was not a disabling condition. In contrast, as Mr. Holtz points out, treatment notes from 2014-2015 indicate Mr. Holtz has problems with time management, losing track of time, focusing on accomplishing his tasks, and talking excessively about random subjects. Dkt. 9 at 10. The ALJ did not discuss this evidence which indicates Mr. Holtz's mental limitations have worsened since the last time he was able to perform gainful work in 2007. Accordingly the ALJ erred.

Third, the Commissioner argues the ALJ properly rejected Dr. Carter's "suggestion" (Tr. 29) that Mr. Holtz had significant difficulty in his past jobs due to

mental problems because the doctor did not know Mr. Holtz gave different accounts of why he was discharged from the Navy. Dkt. 10 at 6. The crux of the Commissioner's argument is Mr. Holtz stated in his disability application he was discharged because he could not meet "watch qualifications," i.e. meet promotion requirements, Tr. 344, but told Dr. Colby and Dr. Swanson he was discharged from the Navy because he was drinking, pulled fire alarms and went AWOL, Tr. 438, 471.

The ALJ's finding Mr. Holtz's statements are contradictory is not supported by the record. In each of the above statements Mr. Holtz reported he received a "general discharge," in contrast to an honorable discharge. In other words, Mr. Holtz consistently stated he was discharged for some type of unacceptable or improper behavior. True, he did not provide all the facts in his application statement, Tr. 344, but he clearly admitted to a general discharge, and admitted the same to Drs. Colby and Swanson. The ALJ accordingly erred in finding Mr. Holtz made non-credible statements about his military discharge which Dr. Carter erroneously relied upon.

The Court notes the Commissioner suggests the ALJ rejected **all** of Dr. Carter's findings on the grounds the ALJ found Mr. Carter was not credible. Dkt. 10 at 6. The suggestion overstates the ALJ's findings. The ALJ specifically stated he rejected the doctor's opinion about how Mr. Holtz struggled at work on the grounds Mr. Holtz made inconsistent statements about his Navy discharge. Tr. 29. The ALJ did not make the sweeping finding the Commissioner suggests, and the Court thus rejects it.

Moreover, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). An ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here Dr. Carter did not question Mr. Holtz's credibility and administered a number of standardized tests in assessing him. Accordingly, even if the ALJ had found all of Dr. Carter's opinions on the grounds that he relied upon Mr. Holtz's statements, the finding would not be supported by substantial evidence.

Fourth, the Commissioner argues the ALJ properly rejected Dr. Carter's test results as based on the subjective statements of Mr. Holtz and his family members. Dkt. 10 at 6. The ALJ erred. A psychologist's clinical interview and tests that are performed are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). In *Buck*, the Court of Appeals stated "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." *Id.* "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does

not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Fifth, the Commissioner argues the ALJ properly rejected Dr. Carter's opinions because they do not account for Mr. Holtz's "improvement on medications." Dkt. 10 at 7. The ALJ found Dr. Carter lacked a complete understanding of "the claimant's improvement with medications," and therefore "did not have a complete or accurate understanding of the claimant's mental health situation." Tr. 29. The medical treatment record indicates Mr. Holtz suffers from ADHD. The treatment record shows Adderall has been prescribed for this condition and that the medication improves Mr. Holtz's attention and ability to focus. Tr. 458, 460, 486. But while there is improvement, the treatment record does not indicate Mr. Holtz's attention is so improved he faces no barriers to gainful work activity. Hence, that Mr. Holtz's attention improved on medications does not, alone, undermine Dr. Carter's opinions.

Even assuming that it did undermine the doctor's opinion about improvement on attention, Mr. Holtz's use of Adderall addresses only some but not all limitations Dr. Carter assessed. The record shows Adderall improves Mr. Holtz's focus and attention. But there is no indication it improves the other limitations Dr. Carter assessed such as Mr. Holtz's deficits in reciprocal social interactions, difficulty relating to people, confusion in multiple social interactions, difficulty making the right choice and reading non-verbal communication in other people, high levels of social anxiety, and marked restriction in activities due to focused interests and difficulty tearing himself away from

those interests when it is time to do other things. Accordingly, the ALJ erred in rejecting all of Dr. Carter's opinions on the grounds the doctor was not aware of "improvements on medications."

And sixth, the Commissioner argues Dr. Carter's opinions are contradicted by Dr. Colby's opinions. Dkt. 10 at 7. The ALJ did not reject Dr. Carter's opinion on this basis and the Court rejects it as an improper post hoc argument. Similarly the Court rejects the Commissioner's argument that the ALJ noted how Mr. Holtz's treating providers did not notice the same deficits Mr. Holtz testified about. *Id.* The ALJ noted this in rejecting Mr. Holtz's testimony, not in rejecting Dr. Carter's opinions. Tr. 24, 27. The argument is an impermissible post hoc argument.

**B.     The ALJ's Evaluations of the Opinions of Sylvia Thorpe, Ph.D.**

The ALJ rejected Dr. Thorpe's opinions as inconsistent with Mr. Holtz's "work history, his activities, the normal psychiatric observations, and his performances on mental status examinations." Tr. 29. The ALJ erred in rejecting Dr. Carter's opinions on these bases and thus similarly erred in rejecting Dr. Thorpe's opinions. Moreover, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th. Cir. 1996)). Here, the ALJ's reference to

three categories (work, activities, and medical) are impermissibly conclusory and therefore erroneous.

The ALJ also indicated Dr. Thorpe did not review Mr. Holtz's records. There is no rule that an examining doctor's opinion should be automatically rejected where she has not reviewed all of the medical record. Of course, an ALJ could give more weight to the opinion of an examining doctor who reviewed the record than to a doctor who had not. But the ALJ offered no explanation and instead impermissibly rejected Dr. Thorpes's opinions simply because she had not looked at other medical records.

And finally, the ALJ rejected Dr. Thorpe's opinion on the grounds it was based upon a "one time examination." *Id.* This is a legally erroneous reason. Examining doctors generally provide opinions based upon a single examination. The ALJ's rationale would render all examining opinions superfluous, and is also contrary to the requirement that the ALJ consider all relevant evidence, including medical opinions of examining doctors. *See* 20 C.F.R. § 416.945(a) (ALJ must assess medical reports in determining a claimant's capacity to work).

### III.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). As to the scope of remand, the Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072,

1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id*. at 1076-77.

Even when all three requirements are met, the Court retains flexibility in determining the appropriate remedy. Here additional proceedings would be useful. The ALJ must reassess the opinions of Drs. Carter and Thorpe and determine whether Mr. Holtz indeed meets the requirements of a listed impairment and if not, exactly what his RFC is. This is the ALJ's prerogative to assess, not the Court's, and further proceedings are therefore appropriate. On remand the ALJ shall reassess the opinions of Drs. Carter and Thorpe, develop the record and reassess Mr. Holtz's RFC as needed, and proceed to step five as appropriate.

DATED this 21st day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 11